1  **CHRISTENSEN JAMES & MARTIN**
   Kevin B. Christensen, Esq.
2  Nevada Bar No. 000175
   Daryl E. Martin, Esq.
3  Nevada Bar No. 006735
   7440 W. Sahara Ave.
4  Las Vegas, NV 89117
   Tel.: (702) 255-1718
5  Facsimile: (702) 255-0871
   *Attorneys for Plaintiffs*
6

7              **UNITED STATES DISTRICT COURT**

8                    **DISTRICT OF NEVADA**

9  EMPLOYEE PAINTERS TRUST; PAINTERS          Case No.:  2:09-CV-01831-KJD-PAL
   VACATION TRUST; PAINTERS JOINT
10 COMMITTEE; PAINTERS JOINT
   APPRENTICESHIP TRAINING COMMITTEE;
11 PAINTERS INDUSTRY PROMOTION FUND;
   PAINTERS JOINT COMMITTEE INDUSTRY
12 PROMOTION FUND; PAINTERS ORGANIZING
   FUND; PAINTERS LABOR MANAGEMENT           **PLAINTIFFS' APPLICATION**
13 COOPERATION COMMITTEE; PAINTERS           **FOR JUDGMENT IN FAVOR OF**
   LABOR MANAGEMENT COOPERATION              **DEFENDANT RIGGIO**
14 INCENTIVE; PAINTERS HEALTH AND            **BROTHERS CONSTRUCTION,**
   SAFETY AND UPGRADE TRAINING AWARD         **INC.  FOR USE OF PLAINTIFFS**
15 PROGRAM, each acting by and through their **AGAINST GARNISHEES**
   designated fiduciaries John Smirk and/or Thomas **STRAUB CONSTRUCTION, INC.**
16 Pfundstein; and the INTERNATIONAL UNION   **AND RAFAEL CONSTRUCTION,**
   OF PAINTERS AND ALLIED TRADES             **INC.** [N.R.S. 31.300]
17 INDUSTRY PENSION TRUST FUND, acting by
   and through its designated fiduciary Gary J.
18 Meyers,

19                 Plaintiffs,                [Expedited Hearing Requested]

20 v.

21 RIGGIO BROTHERS CONSTRUCTION, INC., a
   Nevada Corporation; BIONE D. RIGGIO, an
22 individual; WESTERN SURETY COMPANY, a
   corporation qualified to act as surety in the State of
23 Nevada; JOHN DOES I-XX, inclusive; ROE
   ENTITIES I-XX inclusive,
24
                  Defendants.
25

26       COME NOW the Plaintiffs identified above ("Plaintiffs" or "Trust Funds"), by and through

27 their attorneys, Christensen James & Martin, and hereby submit their Application for Judgment in

28

Favor of Defendant Riggio Brothers Construction, Inc. ("RBC") for Use of Plaintiffs Against Garnishees Straub Construction, Inc. ("Straub") and Rafael Construction, Inc. ("Rafael") pursuant to N.R.S. 31.300.  This Application is made and based upon the following points and authorities, the attached affidavits and exhibits, the pleadings on file with the Clerk of Court and upon any argument heard by the Court.

DATED this 29th day of January, 2010.

CHRISTENSEN JAMES & MARTIN

By:  _/s/ Daryl E. Martin_
Daryl E. Martin, Esq.
Nevada Bar No.  6735
7440 W. Sahara Ave.
Las Vegas, NV 89117
*Attorneys for Plaintiffs*

**Memorandum of Points and Authorities**

**I.**

**Statement of Facts**

On October 27, 2009, this Court entered Default Judgment in favor of Plaintiffs and against Defendants RBC and Bione D.  Riggio in the amount of $174,326.36 ("Judgment").  RBC was a subcontractor licensed to do business in the State of Nevada.  The Judgment covers delinquencies accrued for nonpayment of fringe benefit contributions for work performed on construction projects in southern Nevada during the period of July 2008 through the date of the Judgment.  During that period, RBC and its employees performed work at various projects for several different general contractors.  Plaintiffs have reason to believe that certain of the general contractors still owe money to RBC for work performed on their projects.  RBC was able to identify Straub and Rafael as two such general contractors.  Both Straub and Rafael are licensed by the Nevada State Contractors Board[1] and performed construction work in southern Nevada, using RBC as a subcontractor.

---

[1] A true and correct copy of the Nevada State Contractors Board license search detail for Straub is attached hereto as Exhibit "1".  A true and correct copy of the Nevada State Contractors Board license search detail for Rafael is attached hereto as Exhibit "2".

On December 15, 2009 the Court issued Writs of Execution [Docket Nos. 30 & 31] to the United States Marshal's Service ("Marshal") to execute on RBC's assets to satisfy the Judgment.[2] Plaintiffs then issued Writs of Garnishment to the Marshal to serve on several of RBC's general contractors, including Straub and Rafael, pursuant to N.R.S. 31.240 et seq. and consistent with 15 U.S.C. § 1671 et seq.  The Writs of Garnishment include the interrogatories set forth in N.R.S. 31.290, which garnishees are required to answer under oath.  Consistent with N.R.S. 31.310, the Writs of Garnishment commanded the garnishees to retain possession of any money owed to RBC.

     a.    <u>Rafael Writ of Garnishment</u>

The Marshal served Rafael with the Writ of Garnishment on January 6, 2010.  Rafael answered the Writ and interrogatories the same day.[3]  The relevant interrogatories and Rafael's answers are restated below:

    1.    Are you in any manner indebted to the Defendant(s) Riggio Brothers Construction. Inc. or Bione D. Riggio, or any of them, either in property or money, and is the debt now due? If not due, when is the debt to become due? State fully all particulars:

    Answer:  Yes, due when we receive retention from owner.  $14,130.95

    3.    Did you have in your possession, in your charge or under your control, on the date the WRIT OF GARNISHMENT was served upon you any money, property, effects, goods, chattels, rights, credits or choses in the action of the Defendant(s), or any of them, or in which Defendant(s) are interested? If so, state its value and state fully all particulars.

    Answer:  $14,130.95 due when Clark County Water Reclamation pays Rafael Construction.

    5.    State your correct name and address, or the name and address of your attorney upon whom written notice of further proceedings in this action may be served.

    Answer:  Catherine Robinson, Controller, Rafael Construction
                7120 Rafael Ridge Way
                Las Vegas, NV 89119

By its own statement, Rafael has confirmed that it owes Riggio $14,130.95, which money will be available upon receipt of the funds from the project owner.

---

[2] Separate Writs were issued for RBC and its co-debtor, Bione D. Riggio.  Bione D. Riggio filed a petition for personal bankruptcy after the Writs of Execution and the Writs of Garnishment were issued.  The Plaintiffs have taken no further action against Mr. Riggio or his assets since the filing of the bankruptcy petition.

[3] A true and correct copy of Rafael's answer to the Writ of Garnishment is attached hereto as Exhibit "3".

b.     Straub Writ of Garnishment

The Marshal served Straub with the Writ of Garnishment on January 20, 2010.  On January 22, 2010, Straub answered the Writ of Garnishment and interrogatories.[4]   The relevant interrogatories and Straub's answers are as follows:

1.     Are you in any manner indebted to the Defendant(s) Riggio Brothers Construction. Inc. or Bione D. Riggio, or any of them, either in property or money, and is the debt now due? If not due, when is the debt to become due? State fully all particulars:

Answer:  Straub Construction, Inc. is holding a progress payment in the amount of $12,222.01.  Additionally, SCI is holding retention in the amount of $85,790.31. The retention payment is not due and will not be due until 35 days after SCI receives final payment from the Owner.

3.     Did you have in your possession, in your charge or under your control, on the date the WRIT OF GARNISHMENT was served upon you any money, property, effects, goods, chattels, rights, credits or choses in the action of the Defendant(s), or any of them, or in which Defendant(s) are interested? If so, state its value and state fully all particulars.

Answer:  See #1

5.     State your correct name and address, or the name and address of your attorney upon whom written notice of further proceedings in this action may be served.

Answer:  Kyle Campbell
         Risk Manager/Corporate Counsel
         Straub Construction, Inc.
         202 W. College St., Suite 201
         Fallbrook, CA 92028

In summary, Straub owes RBC a progress payment in the amount of $12,222.01 and retention in the amount of $85,790.31 for a total amount of $98,012.32.  The progress payment is currently in the possession of Straub and the retention payment will be available 35 days after receipt of funds from the project owner.

## II.

## Argument

Pursuant to F.R.C.P. Rule 64, a writ of garnishment may be issued pre- or post-judgment in accordance with state law.  Under F.R.C.P. Rule 69, any process issued to enforce a judgment for the payment of money is called a writ of execution.  Thus, a writ issued by a federal district court

---

[4] A true and correct copy of Straub's answer to the Writ of Garnishment is attached hereto as Exhibit "4".

in Nevada for enforcement of a judgment by garnishment will be called a writ of execution, but the U.S. Marshals Service will enforce the writ according to Nevada state procedures for garnishment. *See* F.R.C.P. Rule 69(a)(1); and *see Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 834 (1988).

In Nevada, garnishment proceedings are generally special proceedings governed by N.R.S. Chapter 31. *Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, LTD*, 197 P.3d 1051, 1056 (Nev. 2008). Under that chapter, writs of garnishment are to be served in the same manner as a summons in a civil action, which gives the court jurisdiction to proceed against the "garnishee defendant." N.R.S. 31.270. Upon the Marshal's return showing service of a writ of garnishment, the garnishee formally becomes a party of record and is subject to the jurisdiction of the Court. N.R.S. 31.280.

When a writ of garnishment is served, the garnishee defendant then has 20 days to answer statutorily specified interrogatories. N.R.S. 31.260; N.R.S. 31.290. If a garnishee defendant admits that it has money or property belonging to the defendant (judgment debtor) "<u>the court shall</u>…upon application of the plaintiff with written notice to the garnishee…<u>enter judgment in favor of the defendant for the use of the plaintiff against the garnishee</u> for the amount of the indebtedness…" *See* N.R.S. 31.300 (emphasis added); and *see Frank Settelmeyer & Sons, Inc.*, 197 P.3d at 1056 (Nev. 2008). In any event, the garnishee must not pay any of the money to the defendant and must instead retain the money in his possession or control or deliver it to the Marshal for subsequent delivery to the plaintiff. N.R.S. 31.310. To date, Straub and Rafael have apparently complied with their obligations under these statutes, by retaining the money they owe to RBC.

Because Straub and Rafael were served with the Writs of Garnishment by the Marshal, they are subject to the jurisdiction of this Court and Judgment should be entered against them as garnishee defendants. Rafael admitted under oath in its Answer to the interrogatories that it owes $14,130.95 to RBC. Straub admitted under oath in its Answer to the interrogatories that it owes $98,012.32 to RBC. RBC owes Plaintiffs $174,326.36 plus interest from the date of Judgment. Plaintiffs are entitled to payment of the money owed to RBC by Straub and Rafael, in partial satisfaction of the Plaintiffs' Judgment against RBC. Pursuant to N.R.S. 31.300, the Court should

1  enter judgment in favor of RBC for the use and benefit of the Plaintiff Trust Funds against Straub

2  and Rafael, in the amounts admitted in their Answers to the Writs of Garnishment.[5]

3                                         **Conclusion**

4         Straub and Rafael have each admitted that they each owe money to RBC.  RBC, in turn, is

5  indebted to Plaintiffs for the amount of the Judgment, plus interest.  Plaintiffs are entitled to receive

6  the money owed to RBC from Straub and Rafael in partial satisfaction of the Judgment.  N.R.S.

7  31.300 was enacted specifically to permit judgment creditors, like the Trust Funds, to quickly

8  recover from persons who owe monies to judgment debtors.  Plaintiffs request this Court enter

9  Judgment against Straub and Rafael and Order them to pay the Trust Funds the amounts admitted

10  in their answers to the interrogatories found in the Writs of Garnishment.

11        DATED this 29th day of January, 2010.

12

13                                              **CHRISTENSEN JAMES & MARTIN**

14                                  By:   _/s/ Daryl E. Martin_
                                         Daryl E. Martin, Esq.
15                                       Nevada Bar No.  6735
                                         7440 W. Sahara Ave.
16                                       Las Vegas, NV 89117
                                         *Attorneys for Plaintiffs*
17

18

19

20

21

22

23

24

25

26

27

28

---

[5]  Proposed Judgments and Orders to Pay are attached as Exhibit "5".

1

## CERTIFICATE OF SERVICE

2

3

      I am an employee of Christensen James & Martin.  On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

4

☒    ELECTRONIC SERVICE:   Pursuant to Local Rule LR 5-4 of the United States District

5

Court for the District of Nevada, the above-referenced document was electronically filed and served

6

on all appearing parties through the Notice of Electronic Filing automatically generated by the

7

Court.

8

☒    UNITED STATES MAIL:   By depositing a true and correct copy of the above-referenced

9

document into the United States Mail with prepaid first-class postage, addressed to the parties at

10

their last-known mailing address(es):

11

Riggio Brothers Construction, Inc.           Rafael Construction, Inc.
and Bione D. Riggio                         Catherine Robinson, Controller
232 Moose Lane                             7120 Rafael Ridge Way
Las Vegas, NV 89145                    Las Vegas, NV 89119

12

13

Straub Construction, Inc.
Kyle Campbell
Risk Manager/Corporate Counsel
202 W. College St., Suite 201
Fallbrook, CA 92028

14

15

16

☐    OVERNIGHT COURIER:   By depositing a true and correct copy of the above-referenced

17

document for overnight delivery via a nationally-recognized courier, addressed to the parties listed

18

on the attached service list at their last-known mailing address.

19

☐    FACSIMILE: By sending the above-referenced document via facsimile to those persons

20

listed on the attached service list at the facsimile numbers set forth thereon.

21

22

                            **CHRISTENSEN JAMES & MARTIN**

23

                            By: ___*/s/ Daryl E. Martin*_____

24

25

26

27

28

# Exhibit 1

# Nevada State Contractors Board

2310 Corporate Circle, Suite 200  Henderson  NV 89074  (702) 486-1100  Fax: (702) 486-1190  Investigations: (702) 486-1110
9670 Gateway Drive, Suite 100  Reno  NV 89521 (775) 688-1141 Fax: (775) 688-1271  Investigations: (775) 688-1150
www.nscb.state.nv.us

Nevada State Contractors Board

## License Search Details

Press "Previous Record" to view the previous record in the list

Press "Next Record" to view the next record in the list.

Press "Search Results" to return to the search results list screen.

Press "New Search Criteria" to revise your existing search criteria or enter new search criteria.

Press "New Search" to select a different search.

| | | |
|---|---|---|
| **License Number: 0046120** | | *Current Date: 01/28/2010 10:53 AM* (mm/dd/yyyy) |
| Business Primary Name: | **STRAUB CONSTRUCTION INC** | License Monetary Limit: **Unlimited** |
| Business Address: | **202 W COLLEGE** | |
| | **SUITE 201** | |
| | **FALLBROOK, CA 92028** | |
| Phone Number: | **(760)414-9000** | |
| Status: | **Active** | |
| Status Date: | **01/05/2009** (mm/dd/yyyy) | |
| Origin Date: | **01/21/1998** (mm/dd/yyyy) | |
| Expiration Date: | **01/31/2011** (mm/dd/yyyy) | |
| Business Type: | **Corporation** | |
| Classification(s): | **B – GENERAL BUILDING** | |

| Principal Name | Relation Description |
|---|---|
| STRAUB, RICHARD | President Qualified Individual |
| STRAUB, DONNA | Vice President |

**Bonds**

| | |
|---|---|
| Bond Type: | **Surety Bond** |
| Bond Number: | **186603** |
| Bond Agent: | **MCNEILL, GEORGENE** |
| Surety Company: | **AMERICAN HOME ASSURANCE** |
| Bond Amount: | **$50,000.00** |
| Effective Date: | **01/15/1998** (mm/dd/yyyy) |

The information contained on these pages are provided as a courtesy and may not reflect recent changes or updates.
Neither the completeness nor accuracy is guaranteed. The Nevada State Contractors Board shall have no liability or
responsibility for loss and damages arising from the information provided or retrieved from these pages.

Search Results   New Search Criteria   New Search

2010-01-28 10:53:28 AM

# Exhibit 2

# Nevada State Contractors Board

2310 Corporate Circle, Suite 200 Henderson NV 89074 (702) 486-1100 Fax: (702) 486-1190 Investigations: (702) 486-1110
9670 Gateway Drive, Suite 100 Reno NV 89521 (775) 688-1141 Fax: (775) 688-1271 Investigations: (775) 688-1150
www.nscb.state.nv.us

Nevada State Contractors Board

**Main Menu  Home**

## License Search Details

Press "Previous Record" to view the previous record in the list

Press "Next Record" to view the next record in the list.

Press "Search Results" to return to the search results list screen.

Press "New Search Criteria" to revise your existing search criteria or enter new search criteria.

Press "New Search" to select a different search.

| | |
|---|---|
| License Number: 0049629 | *Current Date: 01/29/2010 02:06 PM* (mm/dd/yyyy) |
| Business Primary Name: **RAFAEL CONSTRUCTION INC** | License Monetary Limit: **Unlimited** |

Business Address: **7120 RAFAEL RIDGE WAY**

**LAS VEGAS, NV 89119**

Phone Number: **(702)451-5511**

Status: **Active**
Status Date: **12/18/2008** (mm/dd/yyyy)
Origin Date: **01/04/2000** (mm/dd/yyyy)
Expiration Date: **01/31/2011** (mm/dd/yyyy)

Business Type: **Corporation**
Classification(s): **C-4 – PAINTING & DECORATING**

| **Principal Name** | **Relation Description** |
|---|---|
| **MEDINA, RAFAEL JR** | **President Qualified Individual** |
| **MEDINA, MELISSA MAE** | **Secretary/Treasurer Qualified Individual** |

**Bonds**
Bond Type: **Surety Bond**
Bond Requirement: **No Bond Required**
Effective Date: **02/29/2008** (mm/dd/yyyy)

The information contained on these pages are provided as a courtesy and may not reflect recent changes or updates.
Neither the completeness nor accuracy is guaranteed. The Nevada State Contractors Board shall have no liability or
responsibility for loss and damages arising from the information provided or retrieved from these pages.

Previous Record   Next Record   Search Results   New Search Criteria   New Search

2010-01-29 2:06:58 PM

# Exhibit 3

CHRISTENSEN JAMES & MARTIN
Kevin B. Christensen, Esq.
Nevada Bar No. 000175
Daryl E. Martin, Esq.
Nevada Bar No. 006735
7440 W. Sahara Ave.
Las Vegas, NV 89117
Tel.: (702) 255-1718
Facsimile: (702) 255-0871
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

EMPLOYEE PAINTERS TRUST; PAINTERS
VACATION TRUST; PAINTERS JOINT
COMMITTEE; PAINTERS JOINT
APPRENTICESHIP TRAINING COMMITTEE;
PAINTERS INDUSTRY PROMOTION FUND;
PAINTERS JOINT COMMITTEE INDUSTRY
PROMOTION FUND; PAINTERS ORGANIZING
FUND; PAINTERS LABOR MANAGEMENT
COOPERATION COMMITTEE; PAINTERS
LABOR MANAGEMENT COOPERATION
INCENTIVE; PAINTERS HEALTH AND
SAFETY AND UPGRADE TRAINING AWARD
PROGRAM, each acting by and through their
designated fiduciaries John Smirk and/or Thomas
Pfundstein; and the INTERNATIONAL UNION
OF PAINTERS AND ALLIED TRADES
INDUSTRY PENSION TRUST FUND, acting by
and through its designated fiduciary Gary J.
Meyers,

               Plaintiffs,

v.

RIGGIO BROTHERS CONSTRUCTION, INC., a
Nevada Corporation; BIONE D. RIGGIO, an
individual; WESTERN SURETY COMPANY, a
corporation qualified to act as surety in the State of
Nevada; JOHN DOES I-XX, inclusive; ROE
ENTITIES I-XX inclusive,

               Defendants.

Case No.:  2:09-CV-01831-KJD-PAL

**WRIT OF GARNISHMENT**

To:    Rafael Construction Inc:

        YOU ARE HEREBY NOTIFIED that you are attached as garnishee in the above-entitled

CHRISTENSEN JAMES & MARTIN
7440 W. SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

action and you are commanded not to pay any debt due from yourself to the said, **Riggio Brothers Construction, Inc.** or **Bione D. Riggio**, defendants, or any of them and that you must retain possession and control of all personal property, money, credits, debts, and effects and choses in action of said defendants, or any of them in order that the same may be dealt with according to law: where the amount you should retain shall be used in accordance with 15 U.S.C 1673 and Nevada Revised Statutes 31.295.

YOU ARE REQUIRED to answer the interrogatories attached hereto within twenty days from date of such service.  Plaintiff states that he/she has good reason to believe, and does believe that you have property, money, goods, and chattels, credits, or effects, in your hands and under your custody and control belonging to said defendants of value of **$176,836.08**.  In case of your failure within the time afore said to answer the interrogatories, a judgment by default in the amount demanded may be entered against you.

YOU ARE FURTHER REQUIRED to serve a copy of your answers to the Writ of Garnishment on Plaintiffs' attorney whose address appears below.  Any checks issued in relation to this case shall be made payable to: **Christensen James & Martin** and shall be delivered to Daryl E. Martin, Esq. at 7440 W Sahara Ave., Las Vegas, Nevada 89117.

CHRISTENSEN JAMES & MARTIN

By: /s/ Daryl E. Martin       12/21/09
    Daryl E. Martin, Esq.     Date

Gary D. Orton, United States Marshal

By: _____  1/6/10
    Supervisory DUSM      Date

INTERROGATORIES TO BE ANSWERED BY THE GARNISHEE UNDER OATH

1.      Are you in any manner indebted to the Defendant(s) **Riggio Brothers Construction, Inc.** or **Bione D. Riggio**, or any of them, either in property or money, and is the debt now due? If not due, when is the debt to become due? State fully all particulars:

ANSWER: _Yes, due when we receive retention from Owner. $14,130.95_

2.      Are you an employer of one of the Defendant(s)? If so, state the length of your pay period and the amount each Defendant presently earns during a pay period.

ANSWER: _No_

3.      Did you have in your possession, in your charge or under your control, on the date the WRIT OF GARNISHMENT was served upon you any money, property, effects, goods, chattels, rights, credits or choses in the action of the Defendant(s), or any of them, or in which Defendant(s) is/are interested? If so, state its value and state fully all particulars.

ANSWER: _$14,130.95 due when Clark County Water Reclamation pays Rafael Construction_

4.      Do you know of any debts owing to the Defendant(s), whether due or not due, or any money, property, effects, goods, chattels, rights, credits or choses in action, belonging to the Defendant(s), or any of them, or in which Defendant(s) is/are interested, and now in possession or under the control of others? If so, state particulars.

ANSWER: _No_

///

-3-

5. State your correct name and address, or the name and address of your attorney upon whom written notice of further proceedings in this action may be served.

ANSWER: _____ Catherine   Robinson   Controller   Rafael Construction_____
_____7120  Rafael  Ridge  Way_____
_____Las  Vegas  NV  89119_____
_____
_____

6.      NOTE: If an employer, without legal justification, refuses to withhold the earnings of a Defendant demanded in a WRIT OF GARNISHMENT or knowingly misrepresents the earnings of the Defendant(s), the Court shall order the employer to pay the Plaintiff the amount of arrearages caused by the employer's refusal to withhold or his misrepresentation of the Defendant's earnings. In addition, the Court may order the employer to pay the Plaintiff punitive damages in an amount not to exceed $1,000 for each pay period in which the employer has, without legal justification, refused to withhold the Defendant's earnings or has misrepresented the earnings.

I _Catherine   Robinson_ do solemnly swear and affirm that the answers to the foregoing interrogatories are true and correct.

State of Nevada      )
                     ) ss.
County of Clark      )

Subscribed and Sworn to before me this day of _January 16th_ 2010 .

_Joa Buckley_
Notary Public

JOANNA BUCKLEY
Notary Public, State of Nevada
Appt. No.07-3229-1
My Appt. Expires May 17, 2011

-4-

# Exhibit 4

1   CHRISTENSEN JAMES & MARTIN
    Kevin B. Christensen, Esq.
2   Nevada Bar No. 000175
    Daryl E. Martin, Esq.
3   Nevada Bar No. 006735
    7440 W. Sahara Ave.
4   Las Vegas, NV 89117
    Tel.: (702) 255-1718
5   Facsimile: (702) 255-0871
    *Attorneys for Plaintiffs*
6

7                           **UNITED STATES DISTRICT COURT**

8                                    **DISTRICT OF NEVADA**

9   EMPLOYEE PAINTERS TRUST; PAINTERS          Case No.:  2:09-CV-01831-KJD-PAL
    VACATION TRUST; PAINTERS JOINT
10  COMMITTEE; PAINTERS JOINT
    APPRENTICESHIP TRAINING COMMITTEE;
11  PAINTERS INDUSTRY PROMOTION FUND;
    PAINTERS JOINT COMMITTEE INDUSTRY
12  PROMOTION FUND; PAINTERS ORGANIZING
    FUND; PAINTERS LABOR MANAGEMENT
13  COOPERATION COMMITTEE; PAINTERS            **WRIT OF GARNISHMENT**
    LABOR MANAGEMENT COOPERATION
14  INCENTIVE; PAINTERS HEALTH AND
    SAFETY AND UPGRADE TRAINING AWARD
15  PROGRAM, each acting by and through their
    designated fiduciaries John Smirk and/or Thomas
16  Pfundstein; and the INTERNATIONAL UNION
    OF PAINTERS AND ALLIED TRADES
17  INDUSTRY PENSION TRUST FUND, acting by
    and through its designated fiduciary Gary J.
18  Meyers,

19                          Plaintiffs,

20  v.

21  RIGGIO BROTHERS CONSTRUCTION, INC., a
    Nevada Corporation; BIONE D. RIGGIO, an
22  individual; WESTERN SURETY COMPANY, a
    corporation qualified to act as surety in the State of
23  Nevada; JOHN DOES I-XX, inclusive; ROE
    ENTITIES I-XX inclusive,
24
25                          Defendants.

26

27  To:     Straub Construction Inc:

28          YOU ARE HEREBY NOTIFIED that you are attached as garnishee in the above-entitled

*(left margin, vertical)* CHRISTENSEN JAMES & MARTIN
7440 W. SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

1    action and you are commanded not to pay any debt due from yourself to the said, **Riggio**

2    **Brothers Construction, Inc.** or **Bione D. Riggio**, defendants, or any of them and that you must

3    retain possession and control of all personal property, money, credits, debts, and effects and

4    choses in action of said defendants, or any of them in order that the same may be dealt with

5    according to law: where the amount you should retain shall be used in accordance with 15 U.S.C

6    1673 and Nevada Revised Statutes 31.295.

7            YOU ARE REQUIRED to answer the interrogatories attached hereto within twenty days

8    from date of such service.  Plaintiff states that he/she has good reason to believe, and does

9    believe that you have property, money, goods, and chattels, credits, or effects, in your hands and

10   under your custody and control belonging to said defendants of value of **$176,836.08**.  In case of

11   your failure within the time afore said to answer the interrogatories, a judgment by default in the

12   amount demanded may be entered against you.

13           YOU ARE FURTHER REQUIRED to serve a copy of your answers to the Writ of

14   Garnishment on Plaintiffs' attorney whose address appears below.  Any checks issued in relation

15   to this case shall be made payable to: **Christensen James & Martin** and shall be delivered to

16   Daryl E. Martin, Esq. at 7440 W Sahara Ave., Las Vegas, Nevada 89117.

17   CHRISTENSEN JAMES & MARTIN                    Gary D. Orton, United States Marshal

18   By: /s/ Daryl E. Martin      12/21/09          By:

19        Daryl E. Martin, Esq.      Date                Supervisory DUSM              Date

20

21

22

23

24

25

26

27

28

1    <u>INTERROGATORIES TO BE ANSWERED BY THE GARNISHEE UNDER OATH</u>

2    1.    Are you in any manner indebted to the Defendant(s) **Riggio Brothers Construction, Inc.**

3    or **Bione D. Riggio**, or any of them, either in property or money, and is the debt now due? If not

     due, when is the debt to become due? State fully all particulars:

4

5    ANSWER: Straub Construction, Inc. is holding a progress payment in the amount of

     $12,222.01. Additionally, SCI is holding retention in the amount of $85,790.31.

6    The retention payment is not due and will not be due until 35 days after SCI receives

     final payment from the Owner.

7

8

9    2.    Are you an employer of one of the Defendant(s)? If so, state the length of your pay period

     and the amount each Defendant presently earns during a pay period.

10

     ANSWER: No.

11

12

13

14   3.    Did you have in your possession, in your charge or under your control, on the date the

15   WRIT OF GARNISHMENT was served upon you any money, property, effects, goods, chattels,

     rights, credits or choses in the action of the Defendant(s), or any of them, or in which

16   Defendant(s) is/are interested? If so, state its value and state fully all particulars.

17   ANSWER: See #1

18

19

20

21   4.    Do you know of any debts owing to the Defendant(s), whether due or not due, or any

22   money, property, effects, goods, chattels, rights, credits or choses in action, belonging to the

     Defendant(s), or any of them, or in which Defendant(s) is/are interested, and now in possession

23   or under the control of others? If so, state particulars.

24   ANSWER: No.

25

26

27

28   ///

-3-

1   5. State your correct name and address, or the name and address of your attorney upon whom
2   written notice of further proceedings in this action may be served.

3   ANSWER:_____Kyle Campbell_____
4                 _____Risk Manager/Corporate Counsel_____
                  _____Straub Construction, Inc._____
5                 _____202 W. College St., Suite 201_____._____
                  _____Fallbrook, CA  92028_____.
6

7   6.      NOTE: If an employer, without legal justification, refuses to withhold the earnings of a
    Defendant demanded in a WRIT OF GARNISHMENT or knowingly misrepresents the earnings
8   of the Defendant(s), the Court shall order the employer to pay the Plaintiff the amount of
9   arrearages caused by the employer's refusal to withhold or his misrepresentation of the
    Defendant's earnings. In addition, the Court may order the employer to pay the Plaintiff punitive
10  damages in an amount not to exceed $1,000 for each pay period in which the employer has,
    without legal justification, refused to withhold the Defendant's earnings or has misrepresented
11  the earnings.

12  I _____ _Kyle Campbell___ do solemnly swear and affirm that the answers to the
13  foregoing interrogatories are true and correct.

14  State of Nevada       )
15                        ) ss.
    County of Clark       )
16

17  Subscribed and Sworn to before me this day of _____, 20_____.

18  _____
    Notary Public

19

20  State of California
21  County of San Diego
22
23  Subscribed and sworn to before me this
24  22nd day of January, 2010 by Stacey L. Jeffers,
25  Notary Public and proved to me on the
26  basis of satisfactory evidence to be the
27  person who appeared before me.
28

STACEY L. JEFFERS
Commission # 1869667
Notary Public - California
San Diego County
My Comm. Expires Oct 30, 2013

-4-

# Exhibit 5

**CHRISTENSEN JAMES & MARTIN**
Kevin B. Christensen, Esq.
Nevada Bar No. 000175
Daryl E. Martin, Esq.
Nevada Bar No. 006735
7440 W. Sahara Ave.
Las Vegas, NV 89117
Tel.: (702) 255-1718
Facsimile: (702) 255-0871
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EMPLOYEE PAINTERS TRUST; PAINTERS VACATION TRUST; PAINTERS JOINT COMMITTEE; PAINTERS JOINT APPRENTICESHIP TRAINING COMMITTEE; PAINTERS INDUSTRY PROMOTION FUND; PAINTERS JOINT COMMITTEE INDUSTRY PROMOTION FUND; PAINTERS ORGANIZING FUND; PAINTERS LABOR MANAGEMENT COOPERATION COMMITTEE; PAINTERS LABOR MANAGEMENT COOPERATION INCENTIVE; PAINTERS HEALTH AND SAFETY AND UPGRADE TRAINING AWARD PROGRAM, each acting by and through their designated fiduciaries John Smirk and/or Thomas Pfundstein; and the INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES INDUSTRY PENSION TRUST FUND, acting by and through its designated fiduciary Gary J. Meyers, | Case No.:  2:09-CV-01831-KJD-PAL |
| Plaintiffs, | **JUDGMENT AGAINST RAFAEL CONSTRUCTION, INC. IN FAVOR OF RIGGIO BROTHERS CONSTRUCTION, INC. IN FAVOR OF PLAINTIFFS, AND ORDER TO PAY** |
| v. | |
| RIGGIO BROTHERS CONSTRUCTION, INC., a Nevada Corporation; BIONE D. RIGGIO, an individual; WESTERN SURETY COMPANY, a corporation qualified to act as surety in the State of Nevada; JOHN DOES I-XX, inclusive; ROE ENTITIES I-XX inclusive, | |
| Defendants. | |

CHRISTENSEN JAMES & MARTIN
7440 W. SAHARA AVE. LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

1    Pursuant to the Application of the Plaintiffs ("Trust Funds") for issuance of this Court's

2  Judgment in Favor of Riggio Brothers Construction, Inc. ("RBC") for the Use of Plaintiffs and

3  Against Garnishee Rafael Construction, Inc. ("Rafael"), and Rafael's admissions in its Answer to

4  the Writ of Garnishment, and Good Cause Appearing therefor,

5    IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

6    1.    Judgment is entered against Rafael Construction, Inc. and in favor of RBC for the

7    benefit and use of Plaintiffs in the amount of $14,130.95; and

8    2.    Rafael shall pay the Trust Funds $14,130.95 within ten (10) days after receiving

9    notice of this Judgment and Order to Pay, or as soon as funds are received from

10    Clark County Water Reclamation, whichever is later.

11

12

13    DATED and DONE this _____ day of _____, _____.

14

15

16    _____
     DISTRICT JUDGE

17

18  Submitted by:
    CHRISTENSEN JAMES & MARTIN

19  By: _/s/ Daryl E. Martin_____
        Daryl E. Martin, Esq.

20

21

22

23

24

25

26

27

28

1   **CHRISTENSEN JAMES & MARTIN**
    Kevin B. Christensen, Esq.
2   Nevada Bar No. 000175
    Daryl E. Martin, Esq.
3   Nevada Bar No. 006735
    7440 W. Sahara Ave.
4   Las Vegas, NV 89117
    Tel.: (702) 255-1718
5   Facsimile: (702) 255-0871
    *Attorneys for Plaintiffs*
6

7                              **UNITED STATES DISTRICT COURT**

8                                      **DISTRICT OF NEVADA**

9

10  EMPLOYEE PAINTERS TRUST; PAINTERS          Case No.:  2:09-CV-01831-KJD-PAL
    VACATION TRUST; PAINTERS JOINT
11  COMMITTEE; PAINTERS JOINT
    APPRENTICESHIP TRAINING COMMITTEE;
12  PAINTERS INDUSTRY PROMOTION FUND;
    PAINTERS JOINT COMMITTEE INDUSTRY
13  PROMOTION FUND; PAINTERS ORGANIZING
    FUND; PAINTERS LABOR MANAGEMENT            **JUDGMENT AGAINST STRAUB**
14  COOPERATION COMMITTEE; PAINTERS            **CONSTRUCTION, INC. IN**
    LABOR MANAGEMENT COOPERATION               **FAVOR OF RIGGIO BROTHERS**
15  INCENTIVE; PAINTERS HEALTH AND             **CONSTRUCTION, INC. IN**
    SAFETY AND UPGRADE TRAINING AWARD          **FAVOR OF PLAINTIFFS, AND**
16  PROGRAM, each acting by and through their  **ORDER TO PAY**
    designated fiduciaries John Smirk and/or Thomas
17  Pfundstein; and the INTERNATIONAL UNION
    OF PAINTERS AND ALLIED TRADES
18  INDUSTRY PENSION TRUST FUND, acting by
    and through its designated fiduciary Gary J.
19  Meyers,

20                 Plaintiffs,

21  v.

22  RIGGIO BROTHERS CONSTRUCTION, INC., a
    Nevada Corporation; BIONE D. RIGGIO, an
23  individual; WESTERN SURETY COMPANY, a
    corporation qualified to act as surety in the State of
24  Nevada; JOHN DOES I-XX, inclusive; ROE
    ENTITIES I-XX inclusive,
25

26                 Defendants.

27

28

*(vertical text, left margin)* **CHRISTENSEN JAMES & MARTIN**
7440 W. SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

Pursuant to the Application of the Plaintiffs ("Trust Funds") for issuance of this Court's Judgment in Favor of Riggio Brothers Construction, Inc. ("RBC") for the Use of Plaintiffs and Against Garnishee Straub Construction, Inc. ("Straub") and Straub's Admissions in its Answer to the Writ of Garnishment, and Good Cause Appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. Judgment is entered against Straub and in favor of RBC for the benefit and use of Plaintiffs in the amount of $98,012.32;

2. Straub shall pay the Trust Funds $12,222.01 within ten (10) days of receiving notice of this Judgment and Order to Pay; and

3. Straub shall pay the Trust Funds $85,790.31 within ten (10) days after receiving notice of this Judgment and Order to Pay, or thirty-five (35) days after the funds are received from the property owner, whichever is longer.

DATED and DONE this _____ day of _____, _____.

_____
DISTRICT JUDGE

Submitted by:
CHRISTENSEN JAMES & MARTIN

By: _/s/ Daryl E. Martin_____
    Daryl E. Martin, Esq.