# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EMPLOYEE PAINTERS TRUST, et al.,

    Plaintiffs,

v.

RIGGIO BROTHERS CONSTRUCTION, INC., et al.,

    Defendants.

Case No. 2:09-CV-01831-KJD-PAL

**ORDER**

Currently before the Court is Plaintiff Joint Trust Funds' ("Plaintiffs" or "Trust Funds") Application for Judgment in Favor of Riggio Brothers Construction, Inc. ("RBC") for use of Plaintiffs against Straub Construction, Inc. ("Straub") and Rafael (#54). In response, Garnishee Straub filed a Motion to Intervene (#60) seeking to interplead. Plaintiffs filed a Reply, and Opposition (#65) to Straub's Motion to Intervene, to which Straub filed an Objection (#69). Additionally before the Court is Plaintiffs' Motion to Compel (#67). The Court has considered the Application for Judgment, Motion to Intervene, and Motion to Compel, together with all responsive pleadings, and issues its ruling on each, together herein.

**I. Background**

On October 27, 2009, the Court entered Default Judgment (#17) in favor of Plaintiffs and against Defendants Riggio Brothers Construction ("RBC") in the amount of $174,326.36 ("Judgment"). RBC was a subcontractor licensed to do business in the State of Nevada. The Judgment covers delinquencies accrued for nonpayment of fringe benefit contributions for work

performed on construction projects in Southern Nevada during the period of July 2008 through the date of Judgment. During that period, RBC and its employees performed work at various projects for several different general contractors. Plaintiffs' instant Motion avers that certain of the general contractors still owe money to RBC for work performed on their projects. RBC identified Straub and Rafael as two such general contractors. Both Sraub and Rafael are licensed by the Nevada State Contractors Board, and performed construction work in southern Nevada, using RBC as a subcontractor.

On December 15, 2009, the Court issued Writs of Execution (##30, and 31) to the United States Marshal's Service ("Marshal") to execute on RBC's assets to satisfy Judgment. Plaintiffs then issued Writs of Garnishment to the Marshal to serve on Several of RBC's general contractors, including Straub and Rafael, pursuant to N.R.S. § 31.240 et seq. The Writs of garnishment include interrogatories set forth in N.R.S. § 31.290, which garnishees are required to answer under oath. Consistent with N.R.S. § 31.310, the Writs of Garnishment commanded the Garnishees to retain possession of any money owed to RBC.

The Marshal served Rafael with the Writ of Garnishment on January 6, 2010, and Rafael answered the Writ and interrogatories the same day. (See #54 Ex. 3.) In its answers, Rafael confirmed that it owes RBC $14,130.95 and that **said amount will be available upon receipt of the funds from the project owner**. (Emphasis added). The Marshal served Straub with the Writ of Garnishment on January 20, 2010. On January 22, Straub answered the Writ of Garnishment and interrogatories. (See #54 Ex. 4.) In its answers, Straub indicated that it is "holding a progress payment in the amount of $12,222.01" and a "retention in the amount of $85,790.31" and **that the retention payment will be available 35 days after receipt of funds from project owner.** (Emphasis added).

**II. Legal Standard**

Pursuant to Fed. R. Civ. P. 64, a writ of garnishment may be issued pre-or post-judgment in accordance with state law. Under Fed R. Civ. P. 69, any process issued to enforce a judgment for

the payment of money is called a writ of execution.  Thus, a writ issued by a federal district court in Nevada for enforcement of a judgment by garnishment is called a writ of execution, but the Marshal enforces the writ according to Nevada state procedures for garnishment.  See Fed. R. Civ. P. 69(a)(1); Mackey v. Lanier Collection Agency & Service, Inc., 486 U.S. 825, 834 (1988).  In Nevada, garnishment proceedings are generally special proceedings governed by N.R.S. § 31.  Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, LTD, 197 P.3d 1051, 1056 (Nev. 2008).  Pursuant to Chapter 31, writs of garnishment are to be served in the same manner as a summons in a civil action, which gives the court jurisdiction to proceed against the "garnishee defendant."  N.R.S. § 31.270.  Upon the Marshal's return showing service of a writ of garnishment, the garnishee formally becomes a party of record and is subject to the jurisdiction of the Court.  N.R.S. § 31.280.

When a writ of garnishment is served, the garnishee defendant then has 20 days to answer statutorily specified interrogatories.  N.R.S. §§ 31.260, 31.290.  If a garnishee defendant admits that it has money or property belonging to the defendant (judgment debtor) "the court shall . . . upon application of the plaintiff with written notice to the garnishee . . . enter judgment in favor of the defendant for the use of the plaintiff against the garnishee for the amount of the indebtedness . . ."  See N.R.S. § 31.300; Frank Settelmeyer & Sons, Inc., 197 P.3d at 1056 (Nev. 2008).  Thus, the garnishee must not pay any of the money to the defendant and must instead retain the money in his possession or control or deliver it to the Marshal for subsequent delivery to the plaintiff.  N.R.S. § 31.310.  To date, Straub and Rafael have apparently complied with their obligations under these statutes, by retaining any money they allegedly owe to RBC.

**III. Analysis**

    **A. Application for Judgment**

Plaintiffs' instant Motion seeks that the Court enter judgment against Rafael and Straub as garnishee defendants in the amounts of $14,130.95 and $98,012.32 respectively, as each has admitted

3

to owing RBC said amounts in their answers, and each is subject to the jurisdiction of this Court.[1] Plaintiffs aver that they are entitled to receive the money owed to RBC from Rafael and Straub in partial satisfaction of the amount of Judgment ($174,326.36 plus interest) RBC owes Plaintiffs.

In response to Plaintiffs' Application for Judgment, Straub filed a Motion to Intervene (#60), seeking to intervene in the instant matter pursuant to Fed. R. Civ. P. 24(a).[2] Specifically, Straub seeks to become a party to this action in order that it may file a Complaint-in-Intervention (see Proposed Complaint-in-Intervention #60 Ex.1) for the purpose of interpleading the funds it is currently holding ("retained funds") and which it admittedly it owes to RBC. Straub bases its Motion upon the allegation that it may be subject to conflicting claims as to the proper ownership of the retained funds, and seeks to avoid exposure to possible multiple liabilities if it delivers the retained funds to the Plaintiffs.

Upon review, the Court finds that Straub's Motion, is not truly an opposition to the Plaintiffs' Application for Judgment, but instead seeks that the Court commence an interpleader action in lieu of having a judgment entered against it. Pursuant to N.R.S. § 31.350 an interpleader action exists as an alternative to judgment only "[w]hen the answer of the garnishee discloses that any other person than the defendant claims the indebtedness or property in his hands, and the name and address of such claimant. . . ." Here, Straub's answer to the Writ of Garnishment and interrogatories stated that the funds were not available or due until thirty-five (35) days after receipt of funds from the project owner, thus disclosing the interests of other parties. That Straub did not provide the name and address of the project owner is not prejudicial to Plaintiffs who already had that information.

---

[1] Specifically, Rafael's answer to the Writ of Garnishment and interrogatories stated that it "had in its possession . . . on the date the Writ of Garnishment was served", "$14,130.95 due when Clark County Water Reclamation pays Rafael Construction." (#54 Ex. 3.) Straub's answer to the question regarding it was indebted to RBC, stated that it was "holding a progress payment in the amount of $12,222.01" and a "retention in the amount of $85,790.31" and that the retention payment will be available 35 days after receipt of funds from project owner. (Id. Ex 4.)

[2] Straub acted as the general contractor for projects located on Nellis Air Force Base and Red Rock Visitor Center in which it entered into a subcontract agreement whereby RBC was to provide materials, equipment, and labor to the project sites. (See #60 at 2.)

Subsequently, Straub has learned of other potential claimants to the funds.  Accordingly, Straub's Motion to Intervene, seeking to interplead the retained funds should be granted.

Rafael did not file any points and authorities in opposition to Plaintiffs' Application as permitted by Local Rule 7-2(d).  Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion."  Accordingly, Rafael's failure to file any point of authorities in opposition constitutes a consent to the granting of Plaintiffs' Application for Judgment, and the Court finds that judgment should be entered against Rafael.

### B. Motion to Compel

Also before the Court is Plaintiffs' Motion to Compel Production of Documents (#67).  Specifically, Plaintiffs seek that the Court issue an order compelling Judgment Debtor RBC and its custodian of records, Bione D. Riggio to comply with the terms of the Judgment entered by this Court on October, 27, 2009.  (See #17.)

In its Order of Default Judgment (#17), the Court specifically ordered RBC and Bione D. Riggio to "cooperate with and provide all records necessary to complete an Audit."  To date, neither RBC or Bione D. Riggio has filed points and authorities in opposition to Plaintiffs' Motion to Compel in accordance with Local Rule 7-2(d).  Accordingly, the Court finds that Judgment Debtors RBC and Bione D. Riggio, shall produce the payroll records as required per the Court's Order of October 27, 2009.  Failure to do so, may result in sanctions being issued.

### IV. Conclusion

**IT IS HEREBY ORDERED** that Plaintiffs' Application for Judgment in Favor of Riggio (#54) is **GRANTED** in part, for use of Plaintiffs against Rafael (#54), and **DENIED** in part, without prejudice, for use of Plaintiffs against Straub, to reopen upon receipt of funds.

**IT IS FURTHER ORDERED** that Straub's Motion to Intervene (#60) is **GRANTED**.

5

1  **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Production of Documents
2  (#67) is **GRANTED**. Judgment Debtor's failure to comply with this Order, may result in the
3  issuance of sanctions.
4      DATED this 29th day of September 2010.

_____
Kent J. Dawson
United States District Judge