# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EMPLOYEE PAINTERS TRUST, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> WESTERN SURETY COMPANY, *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 2:09-cv-01831-KJD-PAL <br><br> **ORDER** <br><br> (Mot. /Sanctions - Dkt. #113) |

The Court conducted hearings on March 10, 2011 and March 24, 2011 on Plaintiffs' Motion For Sanctions (Dkt. #113). At the March 10, 2011 hearing Daryl E. Martin and Wesley J. Smith appeared on behalf of the Plaintiffs and Bione Riggio appeared *pro se*. At the March 24, 2011 hearing Mr. Martin and Mr. Riggio appeared.

The motion for sanctions involves efforts by the Plaintiff, Judgment Creditors to complete an audit and collect a judgment entered against Riggio Brothers Construction Inc. ("RBCI"), and its principle, Bione D. Riggio ("Riggio"). The Court initially set the matter for hearing on March 10, 2011. Mr. Riggio appeared and indicated that the payroll records and other documents at issue were in the custody of his accountant, Mr. Gerald Marks, who believes that the records should not be voluntarily turned over because they involve confidential records of employees. The Court directed Mr. Riggio to direct his accountant to turn over the documents so that Mr. Riggio could turn them over to the Plaintiffs. Mr. Riggio indicated he understood the Court's instructions, and would comply. The Court set the matter for a follow-up status conference on March 24, 2011 to ensure Mr. Riggio and his accountant had complied with the Court's order. At the March 24, 2011 hearing counsel for the Plaintiffs expressed skepticism that all of the documents and records sought in post-judgment proceedings had been turned over. However, Mr. Riggio assured the Court that he had conducted a

thorough search of his own records to find all documents responsive to Plaintiffs' document requests, and had received and turned over all responsive documents in the care, custody, and control of his accountant.

Having reviewed and considered Plaintiffs' motion, and the representations made at both of the hearings,

**IT IS ORDERED that** Plaintiffs' Motion for Sanction (Dkt. #113) is **DENIED**.

Dated this 6th day of April, 2011.

_____
Peggy A. Leen
United States Magistrate Judge