# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EMPLOYEE PAINTERS TRUST, *et al.*,

    Plaintiffs,

v.

RIGGIO BROTHERS CONSTRUCTION, INC., *et al.*,

    Defendants.

Case No. 09-CV-01831-KJD-PAL

**ORDER**

    Before the Court is the Motion to Rank Claims on the Funds Deposited by Straub of Painters Trust Funds ("Painters") (#112).  Carpenters Southwest Administrative Corporation ("Carpenters") filed an Opposition (#117 and #118) to which Painters filed a Reply (#123).

    Also before the Court is the Motion to Dismiss of Straub Construction, Inc. ("Straub") (#121).  Painters and Carpenters opposed this Motion (#124 and #129) and Straub filed Replies (#128 and #131).

1    Also before the Court is the unopposed Motion for Leave to File First Amended Complaint of

2  Painters (#133).

3    The Court, having considered these Motions, Oppositions, and Replies rules on them

4  together herein.

5  **I.  Background**

6    On September 16, 2009, EMPLOYEE PAINTERS TRUST, PAINTERS VACATION

7  TRUST, PAINTERS JOINT COMMITTEE, PAINTERS JOINT APPRENTICESHIP TRAINING

8  COMMITTEE, PAINTERS INDUSTRY PROMOTION FUND, PAINTERS JOINT COMMITTEE

9  INDUSTRY PROMOTION FUND, PAINTERS ORGANIZING FUND, PAINTERS LABOR

10  MANAGEMENT COOPERATION COMMITTEE, PAINTERS LABOR MANAGEMENT

11  COOPERATION INCENTIVE, PAINTERS HEALTH AND SAFETY AND UPGRADE

12  TRAINING AWARD PROGRAM, and INTERNATIONAL UNION OF PAINTERS AND ALLIED

13  TRADES INDUSTRY PENSION TRUST FUND, (collectively "Painters"), initiated a lawsuit

14  against Defendants RIGGIO BROTHERS CONSTRUCTION COMPANY, INC. ("RBCI"), BIONE

15  D. RIGGO, and WESTERN SURETY COMPANY for failure to pay fringe benefit contributions

16  when due under its Collective Bargaining Agreement with the International Union of Painters and

17  Allied Trades, District Council 15, Local No. 159.

18    RBCI failed to appear, and this Court entered a Default Judgment in favor of Painters against

19  RBCI and Bione D. Riggo in the amount of $174,326.36 on October 27, 2009. This amount

20  represents delinquencies accrued for nonpayment of fringe benefit contributions due on various

21  projects in southern Nevada.  The Court issued Writs of Execution to the United States Marshals

22  Service to execute on RBCI.

23    Plaintiff-in-Intervention Straub used RBCI as a subcontractor on two projects; one at Red

24  Rock Canyon and the other at Nellis Air Force Base (the "Projects"),.  RBCI did not pay required

25  fringe benefits for labor on the Projects.  Straub held $98,012.32 owed to RBCI for the Projects.

26  After obtaining their Default Judgment against RBCI, Painters issued a Writ of Garnishment to the

1    Marhsal to serve on Straub and sought Application of Judgment against Straub.  Straub filed its

2    Motion to Intervene which was granted, and then filed a Complaint in Intervention on October 6,

3    2010.  The disputed funds ("Interpleaded Funds") have been deposited with the Court.

4         RBCI also failed to pay fringe benefits due Carpenters while RBCI was under subcontract

5    with Straub on the Projects.  Carpenters sent a letter notifying Straub of its liability for these

6    payments on October 1, 2009.  Due to the retirement of one of Carpenters' attorneys, Carpenters

7    failed to receive notice of Straub's Complaint in Intervention and did not answer until February 7,

8    2011.  Carpenters now claim an interest in the Interpleaded Funds for payment of fringe benefits

9    owed by RBCI on the Projects.

10   **II.  Analysis**

11        **A. Dismissal of Non-Appearing Defendants**

12        Courts have held that "[a] named interpleader defendant who fails to answer the interpleader

13   complaint and assert a claim to the res forfeits any claim of entitlement that might have been

14   asserted." Sun Life Assurance Company of Canada v. Conroy, 431 F.Supp.2d 220, 226 (D.Rhode

15   Island 2006) (citing Gulf Coast Galvanizing, Inc. v. Steel Sales Co., 826 F.Supp. 197, 203 (S.D.Miss.

16   1993)).  See also Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 133 (4th Cir. 1984).

17        The only Defendants who have answered the interpleader action are Painters and Carpenters.

18   Accordingly, non-answering Defendants Winroc Corp, Garrett Materials, ProBuild, LLC, Westside

19   Building Materials Las Vegas, Inc., Riggio Brothers Construction, Inc., Bione D. Riggio, and

20   Western Surety Company are dismissed with prejudice and may not assert a claim to the Interpleader

21   Proceeds.

22        **B.  Claims to the Interpleader Proceeds**

23        There is no dispute between Painters and Carpenters that under Nevada law, labor claims

24   have priority above liens for other type of work and the claims of the parties against the Interpleader

25   Funds are appropriate.  See e.g. N.R.S. 108.236(1)(a); 624.270(4); 608.150(1).  The only dispute

26   concerns whether Painters' Default Judgment has priority over Carpenters' claim for fringe benefits.

1    Courts are to "determine the priority of claims in an interpleader action as they existed at the time the

2    action was initiated." Texaco, Inc. v. Ponsoldt, 118 F.3d 1367, 1370 (9th Cir. 1997).

3         Carpenters sent its letter to Straub on October 1, 2009 providing notice of Straub's liability

4    under N.R.S. 608.150 for fringe benefit contributions from RBCI's work on Projects.  Painters

5    obtained its Default Judgment on October 27, 2009 including claims attributable to the Projects as

6    well as other work projects.  Painters argues that its claim for satisfaction of its Default Judgment has

7    priority because Carpenters only asserted its claim to the Interpleaded Funds on February 7, 2011,

8    when it filed its answer to the Interpleader Action filed by Straub.

9         In this case, the Interpleaded Funds must first satisfy the labor obligations to both Painters

10    and Carpenters attributable to the Projects.  RBCI would have been entitled to the Interpleaded Funds

11    only after paying the fringe benefit contributions attributable to the Projects.  Since Painters stands in

12    the shoes of RBCI, the obligations related to the Projects have priority.  See Union Bank v. Federal

13    Deposit Ins. Corp., 899 P.2d 564, 567 (Nevada 1995) (holding that, in garnishment, a plaintiff simply

14    stands in the shoes of his debtor).  At the time this interpleader action was commenced, Carpenters

15    had notified Straub of its claim on the Interpleaded Funds under N.R.S. 608.150.  Furthermore, since

16    N.R.S. 608.150(1) provides that "every original contractor... is liable for the indebtedness for labor

17    incurred by any subcontractor or any contractors acting under, by or for the original contractor,"

18    Carpenters could still have a claim against Straub for the fringe benefits owed by RBCI.  This would

19    be contrary to the purpose of an interpleader action.  See e.g. Aetna Life Ins. Co. v. Bayona  223 F.3d

20    1030, 1034 (9th Cir. 2000) (purpose of interpleader is to protect stakeholders from multiple liability

21    as well as from the expense of multiple litigation).

22         Accordingly, Painters should receive $45,260.25 of the Interpleaded Funds to satisfy its claim

23    for fringe benefits attributable to the Projects.  Carpenters, upon proper application to this Court, are

24    entitled to $26,735.54 of the Interpleader Funds.  This constitutes the $29,041.91 in fringe benefits

25    attributable to the Projects owed, less $2,306.37 already paid to Carpenters from the Bond Proceeds.

26

1   (See #98).  The remainder of the Interpleaded Funds will be paid to the Painters in satisfaction of the

2   Default Judgment.

3   **C.  Motion to Dismiss Straub**

4       Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure

5   to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short

6   and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

7   8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require

8   detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation

9   of the elements of a cause of action."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan

10  v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the

11  speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint

12  must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal,

13  129 S. Ct. at 1949 (internal citation omitted).

14      In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to

15  apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual

16  allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

17  Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory

18  statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual

19  allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially

20  plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable

21  inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint

22  does not permit the court to infer more than the mere possibility of misconduct, the complaint has

23  "alleged—but not shown—that the pleader is entitled to relief."  Id. (internal quotation marks

24  omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,

25  Plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

26

1    None of Painters' claims in its Complaint (#1) or counterclaims from its Answer to the

2    Complaint in Intervention (#103) allege that Straub is liable for any amount other than fringe benefits

3    contributions N.R.S. 608.150.  As discussed supra, the Interpleaded Funds satisfy Straub's

4    obligations under N.R.S. 608.150.  Painters' pleadings do not show that it is entitled to further relief.

5    Painters' formulaically state that RBCI, and by extention, Straub may be liable for more than the

6    $45,260.25 in fringe benefits owed, but the pleadings allege no facts to support this claim.

7    Accordingly, Straub's Motion to Dismiss is granted and Painters' claims are dismissed without

8    prejudice.  If such facts exist, Painters Trust Funds is granted leave to amend its complaint as against

9    Straub within 14 days.

10   **E.  Attorneys' Fees**

11   The amount of fees to be awarded in an interpleader action is committed to the sound

12   discretion of the district court.  <u>Trustees of Directors Guild of America-Producer Pension Benefits</u>

13   <u>Plans v. Tise</u>, 234 F.3d 415, 426 (9th Cir. 2000) (quoting <u>Schirmer Stevedoring Co. v. Seaboard</u>

14   <u>Stevedoring Corp.</u>, 306 F.2d 188, 194 (9th Cir.1962)).  Since Attorneys' fees are deducted from the

15   interpleaded fund, policy requires courts to consider the impact on the party who is ultimately

16   deemed entitled to funds. <u>Id.</u>

17   Straub's position as Plaintiff-in-Intervetion in this case was not that of an entirely

18   disinterested party.  Unlike most interpleader plaintiffs, Straub faced liability for the fringe benefit

19   contributions owed by RBCI under N.R.S 608.150.  By satisfying this obligation through the

20   Interpleader Action, Straub eliminated this liability.  Based on Straub's unique status in this action,

21   the Court declines to award attorneys' fees to Straub.

22   **D.  Motion to Amend**

23   Painters has filed its Motion for Leave to File First Amended Complaint.  No opposition has

24   been filed and accordingly the Motion is granted.  Pursuant to this Order, Painters' First Amended

25   Complaint should either remove Straub as a defendant, or set forth specific facts supporting claims

26   against Straub.

6

**IV.  Conclusion**

      **IT IS HEREBY ORDERED THAT** the Motion to Rank Claims on the Funds Deposited by Straub of Painters Trust Funds (#112) is **GRANTED** in part and **DENIED** in part.

      **IT IS FURTHER ORDERED THAT** the Motion to Dismiss of Straub Construction, Inc. (#121) is **GRANTED** in part and **DENIED** in part.

      **IT IS FURTHER ORDERED THAT** the unopposed Motion for Leave to File First Amended Complaint of the Painters Trust Funds (#133) is **GRANTED.**

      DATED this 18th day of July 2011.

_____
Kent J. Dawson
United States District Judge