**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ.
Nevada Bar No. 000175
Email: kbc@cjmlv.com
DARYL E. MARTIN, ESQ.
Nevada Bar No. 006735
Email: dem@cjmlv.com
WESLEY J. SMITH, ESQ.
Nevada Bar No. 011871
Email: wes@cjmlv.com
7440 W. Sahara Ave.
Las Vegas, NV 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EMPLOYEE PAINTERS TRUST, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>RIGGIO BROTHERS CONSTRUCTION, INC., *et al.*, <br><br>Defendants. | Case No.: 2:09-CV-01831-KJD-PAL |

**DEFAULT JUDGMENT**

Currently before the Court is Plaintiffs' Plaintiffs' Motion for Default Judgment Against Defendant Oakview Construction, Inc. ("Oakview" or "Defendant"). No opposition to the Motion has been filed. The Court has considered the Motion, together with the Points and Authorities, Exhibits and Declaration submitted therewith.

As the clerk has entered default against Defendant [Doc. 151], Plaintiffs' motion for entry of default judgment is proper. *See* Fed. R. Civ. P. 55. The court has considered the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986) and finds that entry of default judgment against Oakview is appropriate for the reasons set forth in the Motion.

The Court previously found that Riggio Brothers Construction, Inc. ("Riggio") was a party to a collective bargaining agreement that required payment of employee fringe benefit contributions

to the Plaintiffs and that Riggio had failed to pay the Plaintiffs such contributions. Based upon the requirements of the CBA, related Trust Agreements and 29, U.S.C. § 1132(g)(2), the Court entered Default Judgment against Riggio for unpaid fringe benefit contributions, prejudgment interest, liquidated damages, attorney's fees and costs. *See* Default Judgment entered against Riggio [Doc. 17]. Plaintiffs seek contributions, liquidated damages, and prejudgment interest from Oakview due to Riggio's fringe benefit contribution delinquency. Riggio's delinquency is attributable to Oakview under NRS 608.150. *See Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Hartford Fire Ins. Co.*, 578 F. 3d 1126, 1129 (9th Cir. 2009); *Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Summit Landscape Cos., Inc.*, 309 F. Supp. 2d 1228, 1245 (D. Nev. 2004); *Tobler & Oliver Const. Co. v. Bd. of Trustees of Health & Ins. Fund For Carpenters Local Union No. 971*, 84 Nev. 438, 442 P.2d 904 (1968).

Plaintiffs also seek attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2). *See, e.g., Hartford Fire Ins. Co.*, 578 F. 3d at 1129 ("Nothing in section 608.150 suggests that labor indebtedness doesn't include liquidated damages and attorneys' fees arising from a collective bargaining agreement."). According to Local Rule 54–16, a party requesting attorneys' fees must file a motion demonstrating the reasonableness of the award, an itemization and description of the work performed, an itemization of all costs, and an attorney affidavit. Plaintiffs have complied with the requirements of the local rules, warranting an award of attorneys' fees. Plaintiffs assert that the requested attorney's fees are reasonable because Defendant failed to respond to the complaint, and refused to cooperate with Plaintiffs, causing Plaintiffs to perform substantial legal work to prosecute their claims. Plaintiffs provided the court with records that itemize and describe the work performed by the attorneys. [Doc. , Ex. 5). Further, as required by the local rules, Plaintiffs filed the attorney affidavit of Wesley J. Smith [Doc. , Ex. 4), which states that he reviewed the bills in this case and that "all amounts expended are reasonable in this case." Upon reviewing the fees sought and determining their reasonableness, the Court is inclined to grant attorney's fees and costs.

Upon review of the motion, the Court is inclined to award Plaintiffs' requested relief. Thus, the court awards Plaintiffs the following amounts from Defendant:

Contributions - $23,921.59

      Interest - $4,005.88

      Liquidated damages - $3,054.07

      Attorney's fees - $15,793.73

      Costs - $593.65

      Total - $47,368.93

      Accordingly and Good Cause Appearing therefor:

1. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiffs Employee Painters Trust, et. al.'s Motion for Default Judgment Against Defendant Oakview Construction, Inc. be, and the same hereby is, GRANTED.

2. IT IS FURTHER ORDERED that default be entered against defendant Oakview Construction, Inc. in the amount Forty Seven Thousand Three Hundred Sixty-Eight and 93/100 Dollars ($47,368.93) ("Judgment Amount"), representing unpaid contributions, liquidated damages, prejudgment interest, and attorneys' fees and costs.

3. The Judgment Amount shall accrue interest at the rate set forth in the Trust Agreements, pursuant to 29 U.S.C. § 1132(g).

Dated and Done this  6th   day of   April      , 2012.

                              IT IS SO ORDERED.

                              _____
                              U.S. DISTRICT COURT JUDGE

Submitted by:

CHRISTENSEN JAMES & MARTIN

By:  /s/ Wesley J. Smith
     Wesley J. Smith, Esq.
     *Attorneys for Plaintiffs*